Argued March 3, affirmed June 16, 1965

# ROSS *v.* ROSS

403 P. 2d 19

*John D. Ryan,* Portland, argued the cause for ap-

pellant. With him on the brief were Ryan & Ryan, Thomas H. Ryan and Phillip J. Roth, Portland.

*F. M. Phelps,* Portland, argued the cause for respondent. With him on the brief were Phelps, Nelson & Shepherd, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

The defendant husband is attempting to modify a provision in a divorce decree based upon an agreement incorporated into such decree.[1] The wife's defense is that the decree and agreement amount to a property settlement and are not subject to modification.

The parties executed a document entitled, "Contract." It provided:

"WHEREAS, the parties hereto desire to make a full and complete settlement of all property rights, now and hereafter existing between the parties hereto,

"NOW, THEREFORE, IT IS HEREBY AGREED that the Party of the Second Part shall have a one-half interest in the First Party's interest in the trust account and properties in that certain trust created by the Last Will and Testament of Nelle Clayberg Ross, deceased. That the Party of the First Part does hereby assign and convey to the Party of the Second Part a one-half interest in said trust estate created by the Last Will and Testament of Nelle Clayberg Ross, and does hereby direct said trustee, The United States National Bank, to pay over to the Party of the

---

[1] Because of what appears to be a typographical error, the agreement is not literally incorporated, but the intention is clear.

Second Part one-half of the proceeds heretofore coming to the Party of the First Part from said trust account."

The decree provided:

"* * * That the contract entered into by and between plaintiff and defendant whereby the defendant assigns to plaintiff one-half (½) of his interest from the income of the trust estate of his mother, Nelle Clayberg Ross, and that the trustee, The United States National Bank of Portland, Oregon, pay over to plaintiff, Eileen B. Ross, one-half (½) of the income coming to the defendant, Robert A. Ross, from the trust fund created by the Last Will and Testament of Nelle Clayberg Ross, deceased."

Thereafter the parties filed a stipulation:

"It is hereby stipulated by and between Eileen B. Ross, plaintiff, and Robert A. Ross, defendant, that for the purpose of clarifying the decree as hereinbefore entered in the above-entitled suit that the interest of Eileen B. Ross is a ½ interest in the income of the Trust Account with the United States National Bank of Portland, Oregon, under the Last Will and Testament of Nelle Clayberg Ross, deceased, and that said Eileen B. Ross claims no interest in the principal of said Trust Estate, but is entitled to the income from ½ of said Trust Estate but that said principal of said estate shall not in any way be dissipated in order that Eileen B. Ross's interest in ½ of said income from said Trust Estate shall be dissipated."

The divorce was granted in 1957, at which time the children of the parties were 20 and 22, both boys. The income from the trust was approximately $5,000 per year. The wife was working and supporting herself and had been for the previous four years. The wife's attorney drafted all the documents; the husband had no counsel.

In 1963 the husband filed a motion to modify and a supporting affidavit stating that the wife had remarried and that it was the understanding between the parties that upon plaintiff's remarriage the wife's interest in the trust income would terminate. Pursuant to the motion an order was issued requiring the wife to show cause why the decree should not be modified. In response the wife filed an affidavit denying that there was any understanding that her interest in the trust would terminate upon remarriage.

The trial court heard argument but not testimony, and determined that it had no authority to modify the decree.

■ The husband urges that this agreement is not a division of property but a provision for the support of the wife and, therefore, subject to modification; or, in the alternative, he argues that the trial court should have received testimony in order to decide the nature of the agreement. The husband is correct that an executory agreement to make periodic payments is subject to modification if it is determined to be in fulfillment of the husband's obligation to support his wife. ORS 107.130 authorizes modification of that part of a decree providing for the "maintenance of either party." *Prime v. Prime,* 172 Or 34, 44-45, 139 P2d 550 (1943).

■ The husband is also correct that the label the parties put on their agreement is not controlling. *Prime v. Prime,* supra, and *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947).

However, in all the cases in which we have held that the provision in the decree was one for alimony, i.e., support of the wife, and subject to modification, the decree based upon an agreement required con-

tinuing future performance consisting of periodic payments by the husband. Here, as between the parties, the decree and agreement do not require this; rather they provide for, and in effect are, a present transfer of property. The husband "assigned" his interest and the decree and agreement amount to a direction to the trustee bank to pay the wife.

In *Prime v. Prime,* supra, at 41, we said: "It is to be noted that we are dealing with the executory provisions of the decree and contract." And later: "We have already noted the distinction as to fully executed transactions, and there may be instances in which even an executory agreement for future periodical payments, when approved and incorporated in a decree, should be held invulnerable to modification [The court was referring to payments in the nature of an annuity made in a division of property.]." *Prime v. Prime,* supra, at 42.

■ The problem in this case is created by the fact that the interest presently conveyed is the right to income to be paid in the future. If the husband had transferred his complete interest in some income securities to his wife, it is not believed any contention would be made that the wife, at some future date, could be required to reconvey all or any interest in such securities, regardless of whether the initial transfer was made in payment of the husband's obligation to support and conditions had changed. Similarly, if the husband had conveyed to his wife a legal interest in income property for the length of the husband's life, we do not believe any serious contention would be made that the conveyance was subject to modification, regardless of the reason for the conveyance. In this latter case, the value to the wife would be the future income. We see no difference between the latter case

and the present transfer of an equitable interest providing future income.

We hold that the provision in the divorce decree providing for the present transfer of property to the wife, as distinguished from a decree requiring future payments, is not subject to modification.

Affirmed.