Argued November 30, 1971, reversed January 6, 1972

STATE ex rel STIREWALT, *Respondent, v.*
STIREWALT, *Appellant.*

492 P2d 802

*James H. Clarke,* Portland, argued the cause for appellant. With him on the brief were McColloch, Dezendorf, Spears & Lubersky; Herbert H. Anderson, and James P. Stouffer, Portland.

*Ronald L. Marceau,* Bend, argued the cause for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

This is an appeal from an order adjudging defendant in contempt of court for failing to pay sums required by the terms of that portion of a divorce decree which provided:

> "As a division or other disposition between the parties of the real and personal property of both parties defendant is required to pay * * * as a property settlement, $350, per month until her death, or for a period of twenty years, whichever first occurs * * *."

The defendant did not make the required payments and a hearing was held pursuant to plaintiff's motion for an order to show cause supported by an affidavit, which recited:

> "The court's opinion of January 18, 1971, and the decree of February 23, 1971 required defendant to make payments to the Clerk of this court of $350, per month, for the benefit of plaintiff as a property settlement, first payment to be made February 1, 1971."

The issue is whether or not the court had the power to enforce the relevant provision of the decree by contempt proceedings. The pertinent statute is ORS 23.020, which provides:

> "(1) A decree requiring a party to make a con-

veyance, transfer, release, acquittance, or other like act within a period therein specified shall, if such party does not comply therewith, be deemed to be equivalent thereto.

"(2) The court or judge thereof may enforce an order or decree in a suit by punishing the party refusing or neglecting to comply therewith, as for a contempt.

"(3) Subsection (2) of this section does not apply to an order or decree for the payment of money, except orders and decrees for the payment of suit money, alimony and money for support, maintenance, nurture, education or attorney's fees pendente lite, or by final decree, in:

"(a) Suits for dissolution of marriages.

"(b) Suits for separation from bed and board.

"(c) Proceedings under ORS 108.110 and 108.120."

Under this statute the Oregon courts cannot enforce that portion of a divorce decree constituting a property settlement by contempt proceedings. *Jensen v. Jensen,* 249 Or 423, 438 P2d 1013 (1968); *Ward v. Ward,* 156 Or 686, 68 P2d 763, 69 P2d 963 (1937). *See also,* Annotation, 154 ALR 443 (1945); *Stone v. Stidham,* 96 Ariz 235, 393 P2d 923 (1964); *Cocke v. Cocke,* 13 Ariz App 57, 474 P2d 64 (1970).

Absent the language labeling it "a property settlement," the decree in the case at bar could readily be construed as a decree for support money. However, there is nothing in the decree which is in conflict with the express label it uses.

"* * * For example, if husband and wife are each the owners of real property, and if they agree that in lieu of a division of their property between them the rights of the wife shall be liquidated by means of payments in the nature of an annuity, and

if the agreement shows and the court finds that such provision was adopted as and constitutes a fair method of liquidating the actual property rights of the wife * * * we suppose that such payments in the nature of an annuity would not be subject to later modification in the event of changed conditions * * *." *Prime v. Prime,* 172 Or 34, 42-43, 139 P2d 550 (1943).

To the same effect see *Esselstyn v. Casteel et al,* 205 Or 344, 353, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955), where the court said:

"* * * [W]e see no reason why, in the absence of countervailing evidence, the court's characterization of an award, which is 'in the nature of an annuity', as a determination of property rights should not be accepted at its face value."

This is not a case in which there is any question about the intent of the parties or the court. The record discloses that prior to the entry of the decree counsel for the plaintiff stated in a letter filed with the court:

"We feel that this award should be an award of money in lieu of property and should not be called alimony and taxed * * *."

The defendant not only concurred in this, but asked that the language of the decree be made even more explicit, stating in a memorandum objecting to the form of the proposed decree:

"* * * [T]he decree should state specifically that no alimony, support or maintenance was sought by plaintiff, that no award is made for alimony, support or maintenance under paragraph ORS 107.100[1](c), that the award given to plaintiff is based upon ORS 107.100 (4) and is a division of the property of the parties."

In response to defendant's objections to the pro-

posed decree the court on February 16, wrote to both counsel as follows:

> "Paragraph 8 could be more definite in its language to bring the ruling within the terms of ORS 107.100 (4). However, my recollection of the pleadings is that plaintiff did seek alimony. In any event, the Court did not order payment of alimony, support or maintenance."[①]

■■ While it is true that parties, by the labels they employ, cannot bind the courts in determining whether payments are in the nature of support money or property settlement, *Ross v. Ross,* 240 Or 561, 403 P2d 19 (1965), *Prime v. Prime,* supra, *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947), we know of no authority that stands for the proposition that a court which has jurisdiction cannot make a binding determination which is final absent an appeal from that determination. The trial court made such a determination. There was no appeal from it and the fact that, measured by hindsight, matters did not then go as anticipated, does not give the court the power to change that determination. If, in the words of *Prime v. Prime,* supra,

> "* * * [P]rovisions for division of the property * * * [are] beyond the powers of the court to modify * * *." 172 Or at 49-50,

and if we cannot retroactively convert the decree from "property settlement" to "support" we cannot authorize the use of contempt proceedings to enforce the decree.

Reversed.

---

[①] In fact, the prayer in plaintiff's complaint was as follows:

"1. Declaring the marriage contract of plaintiff and defendant dissolved.

"2. Awarding an equitable distribution of the property.

"3. Awarding plaintiff her attorney fees and suit money.

"4. Awarding such other and further relief as is proper."