Argued October 2, affirmed as modified October 29, 1973

COPENHAVER, *Appellant - Cross-Respondent, v.*
COPENHAVER, *Respondent - Cross-Appellant.*
515 P2d 185

*Richard Wm. Davis,* Portland, argued the cause for appellant - cross-respondent. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

*Owen M. Panner,* Bend, argued the cause for respondent - cross-appellant. With him on the brief were C. Montee Kennedy, and Panner, Johnson, Marceau & Karnopp, Bend.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

This is an appeal and a cross-appeal from an order of the circuit court of Clackamas County in which the support payments to the plaintiff were changed from $700 per month to $50 per month for a period of two years. The plaintiff raises two assignments of error in her appeal: (1) that the court erred in denying the plaintiff an award greater than $50 per month; and (2) that the court erred in refusing to award the plaintiff attorneys' fees. The defendant's sole assignment in his cross-appeal is that the court erred in awarding support payments of any amount.

The parties were divorced in 1969 after 23 years of marriage; they have four children, now emanci-

pated. The uncontested divorce decree approved a property settlement agreement entered into between the parties which had been drawn up by the wife's attorney after negotiations with the husband, also an attorney. Although most of the agreement dealt with the division of property, one portion, dealing with support, provided that defendant would pay $700 per month for a period of three years to enable plaintiff to take courses at the University of Oregon. At the completion of these courses the agreement recites that plaintiff anticipated and expected that she would be "self-supporting"; further, payments under the agreement would terminate "in the event * * * [plaintiff] shall sucessfully complete said courses and obtain a full teaching certificate and thereby be qualified to teach in the public schools." In accordance with this agreement, and the decree incorporating the support provisions, defendant commenced payment of $700 per month which continued until September 1972 when plaintiff completed her courses at the University, received her degree and obtained teaching employment in the Newberg school system. Defendant then filed a motion to terminate further support payments while plaintiff filed a counter-motion to reduce support payments to $450 per month.

At the time of the hearing on these motions, plaintiff was 47 years old and was earning $7,150 per year as a teacher. She was teaching on a "basic" teaching certificate that was good only for six years; she would need additional courses to obtain her "standard" teaching certificate which is of unlimited duration. Defendant was 49, and was earning approximately $25,000 per year.[1]

---

[1] Defendant now has a salary of $26,500 per year and, as of July 1, 1974, his salary will go to $29,000 per year.

■■ While both parties attempt to limit the power of the court below to that stated in the support provisions of the property settlement agreement, it is clear that the court may act to modify the support provisions independently of the provisions of the agreement. Both the provisions of the property settlement agreement and the decree itself characterize the $700 per month payments as "support and maintenance." It is the rule in Oregon that if a property settlement agreement made between a husband and wife is adopted and approved by the decree of divorce, it is beyond the power of the court to modify it subsequently. *Brown v. Brown,* 2 Or App 123, 125, 467 P2d 119 (1970). However, where such a property settlement agreement contains provisions for periodic payments of support, the court is not deprived of the power to modify the support awarded in the event of changed circumstances. *Unander v. Unander,* 265 Or 102, 107, 506 P2d 719 (1973); *Prime v. Prime,* 172 Or 34, 42-6, 139 P2d 550 (1943). *See,* ORS 107.135 (1)(a).[2]

■ The facts presented here demonstrate a material change in the plaintiff's need for support. *Cf., Osterholme v. Osterholme,* 13 Or App 73, 76, 508 P2d 824 (1973). Plaintiff is now employed full-time as a teacher in junior high school and has a regular source of income. In addition, she has available an equity in property given to her under the agree-

---

[2]

"(1) The court has the power at any time after a decree is given, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *." ORS 107.135 (1)(a).

ment. While the court was not bound by the agreement of the parties, it may and did look to the agreement for guidance, and it is clear that the intent of the support provision of the agreement was to enable the plaintiff to become "self-supporting." No evidence was introduced to show that plaintiff was not self-supporting, although her standard of living may be below that enjoyed before the divorce. She is presently in good health, has no dependents, and no unusual financial obligations. We find that there are changed circumstances that support the circuit court's modification order, and that plaintiff has received substantially all she bargained for in the pre-divorce agreement she sought and obtained from her former husband.[9]

The court determined that $50 per month for a period of two years would suffice to enable the plaintiff to obtain enough education to receive her "standard" teaching certificate. The evidence showed that plaintiff would require between $1500 and $1800 for tuition payments to complete all the education necessary for a "standard" teaching certificate. Consequently, we will extend the period of payments to three years to defray the costs of the needed courses. As did the trial judge, we feel that payment of these costs by the husband is within the spirit of the original agreement.

Since we find that the court had the inherent power to modify the support decree, we need not reach the question raised by the parties whether the provisions of the property settlement agreement have been met in regard to support money owing or required, or what is meant by a "full" teaching certificate.

---

[9] Both parties pleaded poverty. Neither was convincing. Many men are not able to live in the style to which they aspire. It does not follow that all such men are living in poverty.

■ Although both parties contend that this is not a motion to modify, their initial moving papers so consider it, as did the circuit court. Under ORS 107.135 (3), the court has the discretion to award attorneys' fees against an unsuccessful moving party who files a motion to modify a decree. The plaintiff does not claim an abuse of this discretion here, but rather claims that this was merely a continuation of the original divorce proceedings. Plaintiff's motion requesting a modification of the decree negates this contention.

Under the circumstances, the trial court did not abuse its discretion in refusing to award the attorneys' fees to plaintiff at the trial level.

Affirmed as modified.