Argued August 22, reversed September 12, reconsideration denied October 19, 1977, petition for review denied January 17, 1978

In the Matter of the Marriage of
HORESKY, *Respondent,*
*and*
HORESKY, *Appellant.*
(No. D 6320, CA 8059)

569 P2d 34

J. Rion Bourgeois, Portland, argued the cause for appellant. With him on the brief was Evans, Anderson, Hall & Grebe, Portland.

Larry D. Moomaw, Beaverton, arged the cause for respondent. With him on the brief was Blyth, Porcelli & Moomaw, Beaverton.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by the wife[1] from a modification of a dissolution decree. The marriage of the parties was dissolved in 1974 after a marriage of 20 years. The dissolution decree awarded custody of a minor daughter to the wife and custody of three minor sons to the husband, who also received the family residence until remarraige or until all sons have reached majority or emancipation. Both parties were employed during the marriage and at the time of the dissolution. No child support or spousal support, as such, was ordered.

The decree also awarded to the wife one-half of the income from a testamentary trust established by the husband's father in 1945 and a judgment of $15,000, payable only when and if the corpus of the trust vests in the husband in 1985. The trust corpus consists of wheat-producing realty in the state of Kansas. The income from the trust ranged between $1,000 and $2,000 annually until 1970, but increased to an average of over $3,700 for the years 1970-74. Since 1974, the trustee has held the wheat in storage because of low market prices and there has been no income from the trust. Trust income had been used during the marriage for family expenditures.

Following the wife's remarriage in 1976, the husband sought a modification of the decree to terminate her right to receive half the trust income. The trial court concluded that the award of trust income had been intended as spousal support and granted the requested modification.[2] The wife contends on appeal that her award was part of a property division and hence not subject to modification.

■■ Support orders are modifiable upon change of circumstances, ORS 107.135(1)(a), but divisions of

---

[1]For convenience, we will refer to the parties as husband and wife despite the dissolution.

[2]The modification did not impair the wife's right to receive income from the sale of wheat that was stored after the dissolution and before the modification.

property are not. The distinction is not always obvious, *cf., Garnett v. Garnett,* 270 Or 102, 105, 526 P2d 549 (1974), and *Prime v. Prime,* 172 Or 34, 49-50, 139 P2d 550 (1943), but the award must be characterized according to its essential nature. If the interest is a part of the marital estate at the time of the dissolution, its allocation to the parties is generally by its nature an award of property, not of support.

Trust interests are such property. They are valuable, alienable property to be allocated in making an equitable distribution of the marital estate. *Walker and Walker,* 27 Or App 693, 696, 557 P2d 36 *rev den* (1976). Since the original decree was a transfer of an income interest in property, it was not modifiable. *Ross v. Ross,* 240 Or 561, 403 P2d 19 (1965).

The husband argues that the trial court's purpose in making the award of half the trust income was to provide support for the wife. Intent may be a factor in determining whether a monetary obligation created at the time of the dissolution constitutes support or property settlement. Where an existing property right in the nature of a marital asset is concerned, however, intent is not controlling. *Ross v. Ross,* 240 Or at 565; *cf., Hayter v. Hayter,* 15 Or App 90, 514 P2d 1350 (1973). The purpose of property division, even where it is accomplished by periodic money payments, *cf., Stein v. Stein,* 21 Or App 195, 534 P2d 222 (1975), is often to enable the parties to achieve financial self-sufficiency, but that purpose does not operate to change the nature of property to support.

Because the award of one-half the income from the trust is a division of property, the trial court erred in modifying its decree to terminate the wife's income interest.

Reversed. Costs to appellant.