Argued March 28, affirmed May 29, 1979

In the Matter of the Application for Registration
of Foreign Judgment against Vern I. Carrier.
STATE ex rel CARRIER,
*Respondent,*
*v.*
CARRIER, *Appellant.*
(No. 76-2402, CA 12384)
595 P2d 827

Gary L. Hill, Roseburg, argued the cause for appellant. With him on the briefs was Slocum & Hill, Roseburg.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Gillette and Campbell, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this registration of a foreign judgment proceeding (ORS ch 24), defendant moved for relief from a $3,700 judgment debt on the grounds that the debt was discharged in bankruptcy. The trial court denied the motion, and defendant appeals. We affirm.

The registered judgment is the March, 1969, Washington divorce decree by which the parties' marriage was terminated. The decree required, among other things, that defendant pay plaintiff $100 per month as alimony from March 1, 1969, to March 1, 1971, and thereafter that he pay plaintiff the sum of $3,700, with interest, in monthly installments of $100.

In October, 1969, defendant filed a petition for voluntary bankruptcy. The scheduled debts listed in his petition included the obligations described above. Plaintiff was given notice of the bankruptcy proceedings, but she filed no claim against the estate, nor did she object to the bankruptcy court's May, 1970, order of discharge.

The divorce decree was registered in Oregon in November, 1976. After plaintiff commenced enforcement proceedings, defendant filed this motion.

Plaintiff argues that the $3,700 was an award of alimony and is subject to Section 17a(7) of the Bankruptcy Act (11 USCA § 35(a)(7)), which provides that debts "* * * for alimony due or to become due, or for maintenance or support of wife or child * * *" are not dischargeable.[1] Defendant argues that the $3,700 award constituted a division of his retirement fund on deposit with the Corp of Engineers, and was accordingly a property settlement rather than an award of alimony. The parties agree that alimony, maintenance, and support awards are not dischargeable in bankruptcy, and that property settlements are dischargeable. They disagree whether the $3,700 award is of the former or latter kind.

---

[1] At the time the bankruptcy proceeding took place, the same provision was incorporated in Section 17a(2) of the Bankruptcy Act.

[409]

As formulated by the parties, the only issue in this case is whether the $3,700 was an award for alimony, maintenance or support.[2] The relevant language of the divorce decree provides

"* * * that defendant shall pay to the plaintiff as alimony the sum of $100.00 per month for a period of twenty-four months, commencing March 1, 1969, and thereafter the sum of $3,700.00 with interest thereon at 6% , commencing March 1, 1971, at the rate of $100.00 per month, said payments to be liens upon the property of the husband and upon his estate in the event of his death. Said alimony payments shall terminate upon plaintiff's death or remarriage."

The foregoing language appears to treat the $3,700 as part of the alimony award.

Generally, an obligation to pay alimony is a personal debt which does not survive the debtor, unless there is a statutory or contractual basis for extending the obligation to the debtor's estate. *See* Annotation, 39 ALR2d 1406 (1955); *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943). The decree here makes the 24 initial alimony installments and the $3,700 award liens against defendant's estate. While that would arguably be inconsistent with those awards being alimony rather than property settlement under the general rule stated, Washington law differs from the general rule. The Washington courts have interpreted that state's alimony statutes as authorizing them to make alimony awards charges against the debtor's estate. *See Murphy v. Shelton,* 183 Wash 180, 48 P2d 247 (1935); and *O'Neal v. Morris,* 7 Wash App 157, 498 P2d 326 (1972), and authorities cited therein. Moreover, the decree makes both the 24 alimony installments

---

[2] We raised the question at oral argument whether the discharge order of the bankruptcy court bars the plaintiff from litigating the dischargeability issue in this proceeding. At least prior to December 18, 1970, bankruptcy court discharge orders did not preclude creditors from litigating the dischargeability of debts in other courts. The bankruptcy proceeding involved here took place before that date. *See* 1A Collier on Bankruptcy, para 17.28 (14th ed, 1973). *Cf. Reese v. Maddox,* 246 Or 53, 432 P2d 948 (1967); Public Law No. 91-647, § 10 (Jan. 5, 1970). Moreover, defendant does not contend that plaintiff is estopped by the bankruptcy court's order.

and the $3,700 award terminable upon the wife's death. A duty to pay alimony or to support, unlike an award of property, abates upon the death of the person to whom the duty is owed.

While the transcript of the Washington divorce proceeding is somewhat ambiguous, it too is generally consistent with the conclusion that the $3,700 was awarded as alimony or for plaintiff's support. The Washington trial judge characterized the $3,700 as representing plaintiff's "interests * * * in the retirement funds which are now accumulative to the credit of the husband." However, he also stated that "the payments which the husband is required to pay here are going to be needed to enable the wife to get through the ensuing five or six years * * * whether they are property settlement, child support or alimony." The authorities cited by the parties indicate that whether a particular item constitutes alimony, maintenance or support, on the one hand, or is a property settlement, on the other, is a question of fact with the controlling issue being "the nature and purpose of the award."

Factually, the most analogous case either party cites is *Kadel v. Kadel,* 21 Ohio Misc 232, 49 Ohio Op2d 179, 250 NE2d 420 (1969), in which a divorce decree required the husband to pay $50 weekly alimony for one year, plus a lump sum of approximately $8,200, which the court found to be the wife's interest in a jointly owned restaurant. After the divorce, the husband was adjudged a bankrupt, and he claimed that the $8,200 was a property settlement rather than alimony and was therefore discharged. Notwithstanding the fact that the $8,200 was derived from a division of marital property, the court held that the sum was part of the support award.

In *Holloway v. Holloway,* 69 Wash2d 243, 417 P2d 961 (1966), the Washington Supreme Court articulated the test for determining whether an award is alimony or an award of property:

[411]

"The question the trial court should have considered in this instance in the present case is whether, under the facts of this case, there was any relation between the note provided for in the property settlement agreement and [husband's] duty to support [wife] at the time of entry of the divorce decree * * *." 69 Wash2d at 253.

■ In the present case, we conclude that the $3,700 was awarded in furtherance of defendant's duty to support plaintiff. Payment of the $3,700 was to begin concurrently with the discontinuation of the initial 24 months of alimony payments, and was to be made in the same manner and amounts as those payments. The Washington trial judge stated that defendant would continue to require support for five or six years—a period roughly equal to the original 24-month alimony period plus the 37 months through which the $3,700 was to be paid. The decree as a whole consists of 11 paragraphs, relating variously to child custody and support, division of assets and obligations, attorney's fees, and other matters common to divorce decrees. The provision of the decree relating to payment of the $3,700 is included in the paragraph which pertains to alimony and is made subject to the same conditions as those payments which are undisputedly alimony. In short, the $3,700 is treated by the decree in the same way other alimony payments are; and the $3,700 is *not* treated in the manner division of marital assets is treated by the decree.

We hold that the $3,700 is part of the alimony award and is not dischargeable in bankruptcy.

Affirmed.