Argued and submitted February 24, affirmed April 26, 1982

SCHAFFER,
*Appellant,*
*v.*
SCHAFFER,
*Respondent.*

(No. 100-714, CA A22032)

643 P2d 1300

Ann Aiken, Eugene, argued the cause for appellant. With her on the brief were Sahlstrom & Dugdale, Eugene.

Hale G. Thompson, Eugene, argued the cause for respondent. With him on the brief were Thompson, Mumford, Anderson and Fisher, Eugene.

Before Richardson, Presiding Judge, and Thornton, and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Husband appeals the denial of his motion, pursuant to ORS 107.407,[1] to terminate spousal support. Wife presented evidence that the original dissolution decree did not provide for spousal support but, instead, provided for a division of property and could not be terminated. We find that husband's monthly obligation is part of a property division and thus not subject to termination under ORS 107.407.

The parties had been married for 27 years at the time of their divorce on November 30, 1970. At the time of the divorce, both were 46 years of age. Wife was employed part-time at J. C. Penney's. Husband was a partner in a real estate firm. The partnership balance sheet of August 31, 1970, listed the fair market value of husband's net worth in the partnership at $389,190.20 and the fair market value of assets at $821,520.40. They had three children, all of whom were emancipated at the time of dissolution.

The parties entered into a property settlement agreement on November 11, 1970, after several weeks of negotiations between their attorneys. The agreement was incorporated in and made part of the dissolution decree. It provided that wife receive $3,500 in cash, all the household furnishings, a 1969 automobile and her personal clothing and effects, and that husband receive all other property free from any claim by wife, including all property separately and jointly owned and all property and assets of the partnership. It also provided:

"4. Husband shall pay unto Wife the sum of Four Hundred Fifty Dollars ($450.00) each and every month for the remainder of Wife's lifetime. In the event of the death of Husband, Wife shall receive from his estate the sum of

---

[1] ORS 107.407 provides:

"If an individual has paid an amount of money in instalments for more than 10 years for the support of a former spouse under a court decree of annulment or dissolution of marriage that ordered such payment, and when the former spouse has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree, the individual paying the support may petition the court that issued the decree to set aside so much of the decree as may provide for the support of the former spouse."

> One Hundred Thousand Dollars ($100,000.00) less, how-
> ever, the sum of Three Thousand Five Hundred Dollars
> ($3,500.00) paid to Wife as provided by Paragraph I, supra,
> and less the total of all sums paid by Husband to Wife
> prior to his death as provided in this Paragraph. The
> payment of Four Hundred Fifty Dollars ($450.00) made by
> Husband to Wife each and every month shall include Two
> Hundred Fifty Dollars ($250.00) as monthly periodic ali-
> mony and the sum of Two Hundred Dollars ($200.00) as
> the division of the property of the parties heretofore accu-
> mulated. For tax purposes, State and Federal, the sum of
> Two Hundred Dollars ($200.00) of the monthly payment to
> Wife shall not be taxable to Wife and shall not be deduct-
> ible for tax purposes by Husband. The sum of Two Hun-
> dred Fifty Dollars ($250.00) shall be taxable to Wife and
> deductible for tax purposes by Husband."

The $450 payments were secured by assignment of certain
contract receivables and liens on real property. Further, the
agreement stated, "It is the intention of this provision by
these parties to maintain the level of the monthly payments
to Wife of Four Hundred Fifty Dollars ($450.00) * * *." In a
letter to wife's attorney, written January 14, 1971, hus-
band's attorney indicated that the $450 payment would not
terminate upon remarriage of wife.

Wife remarried in 1978. She quit her job with J. C.
Penney's and assisted her new husband on a part-time
basis refurbishing mobile homes for resale. On June 5, 1981,
husband filed a motion to modify the decree to terminate
the $250 per month designated as alimony. Husband main-
tained that he had made support payments to wife for more
than 10 years and that during that time she had not made a
reasonable effort to become financially self-supporting.
Wife answered, contending that the $450 per month for life
was an award of property and that the allocation of $250 as
alimony was intended by the parties to be for tax purposes
only.[2]

 Support orders may be modified on a showing of a
change of circumstances, ORS 107.135(1)(a), and may be

---

[2] Generally, under the Internal Revenue Code, alimony or spousal support is
includable in wife's gross income and is deductible by husband. IRC §§ 71, 215.
Periodic payments under a division of property agreement are not deductible. We
do not presume to pass on the validity of the parties' agreement for tax purposes.

set aside after 10 years if the spouse has not made a reasonable effort to become financially self-supporting, ORS 107.407, but divisions of property may not. *Horesky and Horesky,* 30 Or App 941, 943, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978); *see also Copenhaver v. Copenhaver,* 15 Or App 142, 145, 515 P2d 185 (1973). As the court in *Horesky* pointed out, the distinction between support and property divisions in a decree is not always obvious and must be discerned from the underlying facts of each case. *See, e.g., Garnett v. Garnett,* 270 Or 102, 105, 526 P2d 549 (1974); *Prime v. Prime,* 172 Or 34, 49-50, 139 P2d 550 (1943); *Dement v. Dement,* 47 Or App 1047, 615 P2d 1136 (1980); *State ex rel Carrier v. Carrier,* 40 Or App 407, 595 P2d 827 (1979); *Dealy and Dealy,* 25 Or App 603, 549 P2d 1285 (1976); *State ex rel Stirewalt v. Stirewalt,* 7 Or App 544, 492 P2d 802 (1972). The award must be characterized according to its essential nature, *Horesky and Horesky, supra,* with the controlling issue being the nature and purpose of the award. *State ex rel Carrier v. Carrier, supra.*

In the present case, wife testified that she understood the property settlement agreement to guarantee her $100,000 as a property settlement. She understood that the designation of $250 per month to alimony and $200 to property division was solely for tax purposes. Wife's attorney at the time of the dissolution testified that he understood that the parties had agreed that wife would receive a $100,000 division of marital assets and that husband's attorney had suggested that division be in the form of periodic payments of $450 per month. He reiterated wife's testimony that the designation in paragraph 4 of the agreement was for tax purposes only. Husband's attorney at the time of dissolution testified that his client would not have signed the agreement if the $250 designation for alimony was not included. He stated that only $200 was for a division of property.

Under the agreement, wife was guaranteed at least $100,000, even if husband died before she had received that amount. Generally, an obligation to pay alimony or spousal support is a personal debt which does not survive the debtor. The monthly payment does not end upon remarriage of wife. Further, the $250 designated as alimony is

not explicitly based upon wife's needs. Rather, as indicated in paragraph 5 of the agreement, the $450 payment was to be maintained throughout wife's life.

Prior to the dissolution, the parties sold their family residence and placed the proceeds in the real estate partnership. The fair market value of husband's net worth in the partnership was $389,190.20. Under the agreement, he received all the interests in the partnership properties and assets. Wife received $3,500, home furnishings, a car and her clothes. Under husband's interpretation of the agreement, in addition to the above, wife was to receive $200 per month. There is no other provision in the agreement for the receipt of property by wife. Such an interpretation of the division of property seems unreasonable in light of the length of the marriage and the resultant extreme disparity in the division of marital assets.

■ ■ The parties, by the labels they employ, cannot bind the courts in determining whether payments are in the nature of support money or property settlement. *State ex rel Stirewalt v. Stirewalt, supra,* 7 Or App at 548. We conclude that the $450 monthly payment for life was intended as a form of annuity in return for which wife relinquished her property rights. The designation of alimony and property division in the agreement was for tax purposes. We agree with the trial court that the provision requiring monthly payments in the agreement is a property division and not an alimony provision. Therefore, ORS 107.407 is not applicable and cannot be used to terminate any portion of the monthly payment, regardless of wife's efforts to become financially self-supporting.

Affirmed. Costs to respondent.