Argued and submitted October 16, 1981, affirmed as
modified May 12, appellant's reconsideration denied and
respondent's reconsideration allowed; costs, including an
attorney fee of $1500, allowed to respondent June 30
(58 Or App 71, 647 P2d 478), reconsideration denied August 20,
petition for review denied September 21, 1982 (293 Or 521)

In the Matter of the Marriage of

KIME,
*Appellant,*

*and*

KIME,
*Respondent.*

(No. D7902-60793, CA 19638)

644 P2d 638

Austin W. Crowe, Jr., Portland, argued the cause for
appellant. With him on the briefs were Jeffrey H. Ormont
and Cosgrave, Kester, Crowe, Gidley and Lagesen, Port-
land.

Lawrence I. Evans, Portland, argued the cause for
respondent. With him on the brief was Evans, Colton &
Johnson, Portland.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Husband appeals from an order of the trial court modifying the support provision of a dissolution of marriage decree.

The parties were divorced in 1973. They have one child. Under the original decree, entered in King County, Washington,[1] husband was required to pay $300 per month "alimony." (In their property settlement agreement, the parties denominated the award "undifferentiated" and specified that it was to cover both spousal and child support.) The decree also awarded wife the family home and required that husband pay $97.24 for the monthly mortgage payment until the mortgage was paid in full.

Wife sold the house in 1978 and paid the mortgage balance from the proceeds of the sale. She brought this action, asking that the court accelerate husband's mortgage payments, modify the decree to increase the support payment to $1,000 per month and allocate the payments to child support.

The trial court increased the support awarded to $794 per month. It allocated $440 to child support and $354 to spousal support. The court determined that the $97.24 mortgage payment was intended to be spousal support, declined to accelerate the payments and included it (rounded off to $97) in the support award.

On appeal, husband challenges the trial court's increase of the support award by more than $100, the specific allocation of support between child support and spousal support of the previously undifferentiated award and the determination that the mortgage payment was intended to be spousal support rather than a property division.

■    We have reviewed the record and conclude that the trial court acted within its authority in increasing and allocating the support award and that the trial court's actions were appropriate in the circumstances.

---

[1] Oregon courts have jurisdiction in this case because wife is an Oregon resident.

■ However, we agree with husband that the mortgage payment was part of the parties' property settlement and, therefore, was not modifiable. *Horesky and Horesky,* 30 Or App 941, 943-44, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978). The trial court relied on *Barrong and Barrong,* 25 Or App 347, 549 P2d 530, *rev den* (1976), in which we held that a provision requiring husband to pay the mortgage and utilities on wife's house was intended to be spousal support. This case is distinguishable from *Barrong* in that here there was a provision for spousal support, where in *Barrong* there was none and the decree in this case provided that husband should pay the mortgage *in full.* Clearly it was intended that wife should have the property free of the outstanding debt. Therefore, the mortgage payment was intended to be part of the property settlement and wife is entitled to receive $97.24 per month until the mortgage would have been satisfied as part of her share of the marital property.[2]

In making its support award, the trial court specifically included the mortgage payment as part of the spousal support. Because we have determined that wife will receive $97.24 as part of the property division, we reduce her spousal support award by $97 to $257 per month.

The award of child support is affirmed. Spousal support is modified to $257 per month, and the award of $97.24 as part of the property division is reinstated. No costs to either party.

---

[2] Wife does not cross-appeal from the trial court's denial of her motion to accelerate the payments; therefore, we need not address that issue.