Argued and submitted November 24, 1982, modified February 16, 1983

# In the Matter of the Marriage of

## ASH,
*Appellant,*
*and*
## ASH,
*Respondent.*

(35430; CA A24534)

658 P2d 540

Douglas W. Moore, Albany, argued the cause and filed the brief for appellant.

J. W. Walton, Corvallis, argued the cause for respondent. On the brief were Robert G. Ringo, and Ringo, Walton & Eves, P.C., Corvallis.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband moved for modification of the dissolution decree to eliminate the award of spousal support following wife's remarriage. The court reduced the support to $25 per month and retained a reworded provision giving wife a portion of husband's retirement benefits. Husband contends that spousal support should have been eliminated entirely, including the award of a portion of the retirement benefits which he contends is spousal support.

At the time the decree was entered wife was 53, husband was 55, and they had been married for 33 years. The real and personal property was divided approximately 60 percent to wife and 40 percent to husband. Respecting spousal support the decree provided:

"That [husband] shall pay as spousal support for the support of [wife] during her lifetime the following sums:

"(a) Commencing December 10, 1979, the sum of $550.00 per month for 12 consecutive months; thereafter, on the payment due December 10, 1980, the sum of $450.00 per month for 12 consecutive months; commencing with the December 1981 payment, the sum of $350.00 per month for a period of 12 consecutive months; thereafter commencing on the December 1982 payment, the sum of $250.00 per month for a period of 48 consecutive months, and thereafter the sum of $100.00 per month or 1/2 of the gross amount of the present retirement from Wyeth Laboratories, whichever is greater. * * *"

■ ■ Wife remarried several months after the decree was entered. In response to husband's motion, the court entered the following order modifying the decree:

"Commencing August 10, 1981, [husband] shall pay as spousal support for the support of [wife] the sum of $25 per month; that such sum shall continue until the [husband] begins to receive retirement payments from his employer, Wyeth Laboratories. [Husband] shall notify the [wife] when he begins to receive retirement payments from Wyeth Laboratories and thereafter he shall pay as spousal support for the support of [wife] one-half of the retirement payment received."

Wife concedes that her standard of living following her remarriage is as good as or better than she enjoyed during her marriage to husband. She does not contest the trial

court's conclusion that there was a substantial change of circumstances justifying modification of the support award. Husband argues that on the basis of wife's remarriage and her present standard of living the court erred in retaining a token amount of spousal support in the decree. We agree. We have made it abundantly clear that awards of token spousal support for the purpose of preserving a basis for future increases are speculative and not based on need. *Koch and Koch,* 58 Or App 252, 648 P2d 406 (1982); *Ward v. Ward,* 41 Or App 447, 599 P2d 1150, *rev den* 288 Or 141 (1979).

Husband next contends that the award of a portion of his retirement benefits should also have been eliminated as spousal support. Wife argues that that award was in the nature of a property division rather than spousal support and is not subject to modification.

◼ In determining whether an award is a division of property or spousal support, the label given it in the decree is not conclusive. The controlling inquiry is the nature and purpose of the award. *See Schaffer v. Schaffer,* 57 Or App 43, 643 P2d 1300 (1982); *State ex rel Carrier v. Carrier,* 40 Or App 407, 595 P2d 827 (1979). In *Schaffer,* a property settlement agreement incorporated in the decree provided for monthly payments, $250 of which was characterized as periodic alimony and $200 as a property division payment. We concluded that the designation of a portion of the award as alimony was for tax purposes and was not based on the needs of the recipient spouse. We held that the entire $450 payment was in the nature of a property division payment and not subject to modification.

Special problems arise in characterizing an award of pension benefits. In *Rogers and Rogers,* 45 Or App 885, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981), we noted that retirement benefits have been considered "an earned property right of the marriage," 45 Or App at 891, but:

> "* * * Because there are so many variables, individual cases will have to be largely decided on their facts. * * *
>
> "We thus decline at this time to hold that retirement benefits are per se marital *property* to be *divided* at the

time of dissolution. Instead, we believe the better guideline is to regard retirement benefits as a marital *asset* to be *considered* in formulating the financial aspects of a dissolution decree. * * * 45 Or App at 893. (Emphasis in original; citations omitted.)

*See also Plaster and Plaster,* 55 Or App 700, 703, 639 P2d 1287 (1982); *Salchenberg and Salchenberg,* 53 Or App 744, 633 P2d 35 (1981).

■  Although pension benefits have generally been treated as a marital asset, in some instances it has been held that it would be inequitable to award both spousal support and a share of pension benefits when the retirement benefits would be the source for making support payments. *See Franzke and Franzke,* 292 Or 110, 637 P2d 595 (1981); *Roth and Roth,* 31 Or App 65, 569 P2d 693 (1977); *Monaghan and Monaghan,* 45 Or App 535, 609 P2d 822 (1980). As noted in *Franzke,* there is no inflexible rule that it is improper to award permanent spousal support in addition to a portion of the retirement account of the payor spouse.

■  Here the wording of the decree and the record indicate that the award of a share of husband's retirement benefits was characterized as spousal support for tax reasons. The court indicated that one reason for the award was that wife was entitled to a share because of her contributions to the marriage as a homemaker during the time the retirement benefits were earned. The distribution of one-half of the retirement benefits was not based on a calculation of wife's needs. The graduated support award projected her need to be $100 per month at the time of husband's retirement. She was to receive $100 per month *or* one-half of the gross retirement benefits whichever was greater. One-half of the benefits could be more or less than her projected needs. We conclude that the award of a portion of husband's retirement benefits was in the nature of a property division and is not subject to modification. *Horesky and Horesky,* 30 Or App 941, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978).

Husband contends that, if the award of retirement benefits is a property division, the court erred in modifying that provision by altering the language of the decree. The

decree provides wife is to receive "* * * 1/2 of the gross amount of the present retirement * * *," while the order of modification provides she was to receive "* * * one-half of the retirement payment received." Wife argues that the language can be construed to be the same. Because the division of the retirement benefits cannot be modified, the language of the decree should remain the same.[1]

Decree modified to eliminate the award of spousal support to wife and reinstate the language of the original decree respecting the Wyeth Laboratories retirement benefits. No costs to either party.

---

[1] We are not called upon to construe the language of the decree to determine the amount of the retirement benefits to which wife is entitled.