In the Matter of the Marriage of

FLETCHER,
*Appellant - Cross-Respondent,*
*and*

FLETCHER,
*Respondent - Cross-Appellant.*

(385-716; CA A30445)

696 P2d 1182

Don G. Carter, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was McEwen, Hanna, Gisvold & Rankin, Portland.

Jack L. Kennedy, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Kennedy, King & Zimmer, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Wife initiated this proceeding to modify the decree of dissolution, seeking to increase and extend husband's obligation to pay spousal support. The court modified the decree, ordering husband to pay $800 per month spousal support, and awarded wife attorney fees and costs incurred in this proceeding. Husband appeals, contending that the court was without authority to modify the decree and erred also in awarding wife attorney fees. Wife cross-appeals, claiming that the facts entitled her to a greater increase in spousal support.

The parties' marriage was dissolved in September, 1973. The decree of dissolution ordered husband to pay wife $1,250 per month for "her support and maintenance" for 60 months or until wife's earlier remarriage. The decree further provided:

> "[Wife] shall have and recover judgment against [husband] in the amount of $36,000, as lump sum alimony payable in monthly installments of not less than $500.00 a month, the first such payment to be made on the first day of the month following the termination of the support payments payable to Respondent as set forth in paragraph 5 immediately above [*i.e.*, the $1,250 per month payments], and a like payment on the first day of each month thereafter until the total of such lump sum alimony is paid in full."

In a letter to the parties' attorneys responding to their correspondence concerning the wording of this portion of the decree, the judge stated: "It is my intention that Mrs. Fletcher receive $36,000.00 whether she marries or not." The decree also divided other real and personal property between the parties.

Husband completed making the $1,250 payments in 1978, and it is not claimed that that obligation may now be modified. *Park and Park*, 43 Or App 367, 602 P2d 1123 (1979), *rev den* 288 Or 335 (1980). Husband has been paying the $36,000 judgment in $500 monthly installments. Wife moved to modify the decree before that judgment was satisfied, requesting the court to increase "the amount of spousal support to $1450 a month." The court's order modified the decree to require payments of $800 a month; it did not increase or address the lump sum judgment of $36,000.

Husband contends that the $36,000 judgment was to equalize the division of property between the parties and that the court had no authority to modify a decree insofar as it provides for a distribution of property. *See* ORS 107.135(1)(a); *Horesky and Horesky,* 30 Or App 941, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978). Wife argues that the provision for "alimony" was intended as spousal support and can be modified because of a change in circumstances pursuant to ORS 107.135(2). We review *de novo.*

██ Oregon appellate courts have held repeatedly that the label employed by the parties or the trial court does not bind us in our determination whether payments are for spousal support or property distribution. *Bennett v. Bennett,* 208 Or 524, 302 P2d 1019 (1956); *Schaffer and Schaffer,* 57 Or App 43, 48, 643 P2d 1300 (1982). In *Ash and Ash,* 61 Or App 595, 658 P2d 540 (1983), we held that payments labelled "spousal support" were in reality a division of property. One of the main reasons that the label employed is not determinative is that payments may be labelled with income tax consequences in mind. *Truax and Truax,* 62 Or App 130, 659 P2d 983 (1983). The controlling issue in this determination is the nature and purpose of the award. *Schaffer and Schaffer, supra,* 57 Or App at 47.

█ The circumstances of this case persuade us that the $36,000 award was a distribution of property and not modifiable. The award was in a fixed amount; under the terms of the decree, husband could have paid the judgment in one lump sum as soon as payment became due.[1] The decree provided that the $1,250 support obligation was to terminate if wife remarried;[2] the $36,000 judgment was to be paid regardless of wife's subsequent remarriage and does not appear to have been based on wife's financial needs. The different effect of

---

[1] The dissenter's tack diverts attention from the relevant facts. This was a lump sum judgment not to be affected by a highly significant change of circumstance, *i.e.,* remarriage, and it tended to equalize a property division which gave husband the bulk of the assets. If the shoe were on the other foot, and husband could demonstrate a significant change of circumstances, would the dissenter hold the judgment modifiable?

[2] We note that a provision for the automatic termination of spousal support on the supported spouse's remarriage was later disapproved in *Grove and Grove* 280 Or 341, 354-56, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). That provision is not in issue here.

remarriage on these two obligations is evidence that the judge intended that they serve different purposes. Moreover, in the 1973 decree, husband was awarded the bulk of the marital assets. All of the facts indicate that the nature and purpose of the $36,000 judgment was to equalize the distribution of property between the parties.[3] We conclude that the $36,000 judgment is a nonmodifiable property division.[4] It follows that we also deny wife's cross-appeal requesting a greater increase in spousal support.

■    Husband appeals also from the court's award to wife of attorney fees incurred in this action, under ORS 107.135(4).[5] Because this was not properly a proceeding under ORS 107.135(1) to modify a support obligation, the court was without authority to award attorney fees.

Reversed on appeal; affirmed on cross-appeal. No costs to either party.

**ROSSMAN, J.,** dissenting.

*Alimony is alimony.* Why is the majority trying to avoid the obvious? The award of "lump sum alimony" payable in monthly installments from husband to wife clearly is spousal support and not a property settlement distribution. Because I believe that the trial judge correctly decided the issue, I dissent.

The majority points out that labels are not dis-positive in this regard but that the controlling issue is the nature and purpose of the award. In examining that issue, this court has tended to conclude that an award is spousal support when the following factors are present: (1) it is labeled spousal

---

[3] The dissent argues that the fact that the judgment was payable in monthly installments is an indication that it was for spousal support and that, once that determination has been made, the upper limit of the judgment is modifiable. However, it also is true that the fact that the judgment was in a fixed amount is an indication that it was intended as a property division and, once that determination is made, the fact that it is payable in installments does not permit modification. The logic of either argument is equally faulty, because each assumes the result.

[4] Because we reach this conclusion, we need not consider husband's argument that, even if the award was for spousal support, wife has not demonstrated a change in her circumstances sufficient to justify its modification.

[5] ORS 107.135(4) provides:

"In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee for the benefit of the other party."

support; (2) it provides for monthly payments; (3) no interest accrues on the unpaid balance; (4) the obligation does not survive husband's death; (5) husband has claimed the amounts paid as deductions for tax purposes; and (6) spousal support would have been appropriate in the particular case. *Esler and Esler,* 66 Or App 452, 673 P2d 1386 (1984); *see also Dealy and Dealy,* 25 Or App 603, 549 P2d 1285 (1976).

Under the six-factor analysis, it is apparent that the lump sum award is spousal support. (1) The award was labeled as "alimony," which I would regard as a clear indication of the trial judge's intent. It is interesting to note that, during the preparation of the decree, husband's lawyer also perceived the "alimony" award as spousal support, as is evidenced by his statement in a letter to the court: "* * * [I]t is obvious from the Court's opinion that this award is intended as alimony and not as a distribution of property." (2) The decree provides for monthly payments of at least $500 per month. (The $36,000 lid on that award is not controlling; once we decide that it is spousal support, the lid, like every other aspect of the spousal support award, would be modifiable.) (3) The decree did not provide for the accrual of interest on the unpaid balance of the lump sum award. (4) There is no provision in the decree for the lump sum award to terminate on husband's death. However, I do not believe that the latter omission should have overpowering significance in this case, given that the decree was silent also with respect to the effect of husband's death on its other provisions. (5) Husband has claimed the lump sum award payments of $500 per month as deductions for income tax purposes. Although I concede that there is case law which appears to sanction such fiscal manuevering, I find it disturbing how easily husband talks out of both sides of his mouth. For tax purposes, he willingly labels the payments as spousal support. Yet he takes the opposite approach in this proceeding. By accepting the benefits of classifying the award as spousal support, should he not be bound by the costs as well? (6) Spousal support clearly would have been appropriate for more than the original five years. This was a 23-year marriage. Husband was the primary income earner. It would have been quite logical, based on the evidence, for the court to have structured the decree so that the spousal support payments would decrease after five years, at which time wife would have

been more economically self-sufficient. That appears to be what it attempted to accomplish.

On the basis of all of the above, I would hold the award to be spousal support. Thus, it becomes necessary for me to deal with the second aspect of this case: whether there was a change of circumstances sufficient to justify a modification. (Obviously, because the majority concludes that the lump sum award was property distribution, it does not need to reach this issue.)

My review of the record convinces me that wife clearly has demonstrated a change of circumstances. Although she had sought retraining in the real estate field, she has suffered from serious health problems since the divorce, and they have impaired her ability to hold anything other than part-time housecleaning jobs. Her income at present is approximately $35.00 per week. In fact, the most that she has been able to earn in any single year since the divorce was $5,012 in 1979. She has been forced to rely on her savings, which have dwindled from $16,000 to less than $5,000. On the other hand, husband's yearly income, which was $74,000 in the year of the dissolution, has consistently increased, topping $205,000 in 1982. His net worth is nearly $700,000.

The circumstances of this case support holding that the lump sum award was spousal support. Five of the six factors discussed in *Esler* are present in this case. Moreover, wife has clearly demonstrated a significant change of circumstances. Accordingly, I would affirm.