***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 9, affirmed March 8, 2023

In the Matter of the Marriage of

Robert G. MacWHORTER,
*Petitioner-Appellant,*
*and*

Susan G. SKAKEL,
*Respondent-Respondent.*

Jackson County Circuit Court
17DR07609; A176069

Charles G. Kochlacs, Judge.

Garret Ramsey argued the cause for appellant. On the opening brief was Jamie L. Hazlett. On the reply brief were Keith Fischer and Jamie L. Hazlett.

Ruth A. Casby argued the cause for respondent. Also on the brief were Janet M. Schroer and Hart Wagner LLP.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Husband appeals supplemental judgments denying husband's motion to terminate spousal support and awarding attorney fees to wife. Husband raises five assignments of error, challenging (1) the denial of his motion to compel production; (2) the denial of his motion to strike under ORCP 21 E; (3) the denial of his motion to terminate spousal support; (4) the decision to award wife attorney fees under ORS 20.105; and (5) the amount of attorney fees. For the following reasons, we affirm.

We decline husband's request to review this case *de novo*, as it is not "exceptional." *See* ORS 19.415(3)(b) (providing that *de novo* review is discretionary in equitable actions); ORAP 5.40(8)(c) (providing that court will exercise discretion to review *de novo* "only in exceptional cases").

*First Assignment of Error.* Husband challenges the denial of his motion to compel production of two sets of documents: (1) any and all communications between wife and wife's attorney from January 1, 2018, to present; and (2) any and all communications between wife's current spouse, Hooten, and wife's attorney from January 1, 2018, to present. Husband argues that the trial court erred in determining that wife had not waived the attorney-client privilege as to the first set of documents, and further erred in disallowing production of the second set of documents on the basis that they are protected work product under ORCP 36. Wife responds that the requested documents are protected work product under ORCP 36 B, and that husband did not demonstrate a "substantial need" for those documents or an inability to obtain them without "undue hardship," nor did he show that the denial of his motion substantially affected his rights. Viewing the record "in a manner consistent with the trial court's ruling [and] accepting reasonable inferences that the trial court could have made," *Goldsborough v. Eagle Crest Partners, Ltd.*, 314 Or 336, 342, 838 P2d 1069 (1992), we conclude that the trial court did not err in determining that wife had not waived attorney-client privilege as to the first set of documents. Further, the trial court did not err in determining that the second set of documents was prepared in anticipation of litigation or abuse its discretion

in disallowing discovery of those documents pursuant to ORCP 36 B. *See Meyer v. Oregon Lottery*, 292 Or App 647, 669, 426 P3d 89 (2018) (reviewing "a trial court's decision regarding whether a party may obtain documents created in anticipation of litigation for abuse of discretion").

*Second Assignment of Error.* Husband argues that the trial court erred in denying his ORCP 21 E motion to strike several "inflammatory, prejudicial, and irrelevant" statements in a legal memorandum wife submitted below. Wife responds that an ORCP 21 E motion to strike applies only to pleadings, not legal memoranda, and that, in any event, any error did not substantially affect husband's rights. We have reviewed the record, and we conclude that there was no abuse of discretion. *See Ross and Ross*, 240 Or App 435, 439, 246 P3d 1179 (2011) (reviewing allowance or denial of ORCP 21 E motion to strike for abuse of discretion).

*Third Assignment of Error.* Husband next argues that the trial court erred in denying his "civil evidentiary motion" in which he asked the court to modify the stipulated judgment of dissolution by "terminating [husband's] spousal support obligation to [wife]." Additionally, the parties dispute whether husband's payments to wife constitute spousal support payments or a property division. We need not decide whether those payments are spousal support or a property division, because, in either case, we must affirm.

Spousal support may be modified on a change of circumstances, ORS 107.135(1)(a), but a division of property may not. *Pope and Pope*, 301 Or 42, 45, 718 P2d 735 (1986) ("Notwithstanding the full equity powers granted to a court in dissolution proceedings (ORS 107.405), there are statutory and caselaw restrictions upon the power of the court[,]" including that "property divisions of a decree are not subject to modification."); *Horesky and Horesky*, 30 Or App 941, 569 P2d 34 (1977), *rev den*, 281 Or 1 (1978). If the distinction between support payments and property division is not clear, the court must determine whether the payments are support payments or a property division on the underlying facts of the case. *See id*. The labels used by the parties are not dispositive. *Schaffer v. Schaffer*, 57 Or App 43, 48,

643 P2d 1300 (1982). The controlling issue is "the nature and purpose of the award." *State ex rel Carrier v. Carrier*, 40 Or App 407, 411, 595 P2d 827 (1979) (internal quotation marks omitted).

Here, husband asserts that the "purpose of the [spousal support] award was to equalize incomes" and "to allow the parties to maintain a standard of living not disproportionate than that enjoyed during the marriage." But, contrary to that assertion, the trial court determined that "[s]pousal support was not awarded based on disparity of income or lifestyle of the parties [but] was awarded in lieu of a portion of Husband's FERS Retirement." That determination is supported by evidence in the record. *See Harless and Harless*, 276 Or App 49, 54, 366 P3d 402 (2016) (reviewing "the determination of the original purpose for which an award of spousal support was made" for "any evidence"). The stipulated judgment of dissolution provides, "In lieu of a portion of Husband's FERS Retirement, Wife is awarded spousal support." Thus, if the payments to wife were in lieu of an award of a portion of husband's pension, it is not subject to modification, *Nelson and Nelson*, 117 Or App 157, 160, 843 P2d 507 (1992) ("A spousal support award may preclude modification if it is in the nature of, or in lieu of a property award."), and the trial court did not err in denying husband's motion.

If, on the other hand, husband's payments to wife constituted spousal support rather than a property division, the trial court's denial of husband's motion was not in error. "Modification of a spousal support award is proper if (1) the original purpose of the award has been fulfilled, or (2) subsequent changes have substantially affected one party's ability to pay or the other party's need for support." *Minckler and Minckler*, 306 Or App 414, 419, 474 P3d 425 (2020).

Here, as noted above, the trial court determined that "[s]pousal support was not awarded based on disparity of income or lifestyle of the parties [but] was awarded in lieu of a portion of Husband's FERS Retirement," and husband does not persuasively develop an argument as to why the court erred in determining that "there is no evidence that the original purpose of the award has been fulfilled."

Further, husband asserts that Hooten "pays [wife's] utilities, takes her on vacations, and has paid wife's attorney fees and mortgage payments throughout this litigation"; however, husband does not demonstrate why, in light of those assertions and on this record, it was error for the trial court to conclude that, "while [wife] remarried and appears to be living comfortably, this is not a change of circumstances sufficient to terminate spousal support." *See Williams and Williams*, 315 Or App 798, 803, 504 P3d 635 (2021) ("The burden of establishing a change of circumstances is on the party requesting the change."). For those reasons—in addition to those articulated above—we conclude that the trial court did not err in denying husband's motion.

*Fourth Assignment of Error.* Husband also argues that the trial court erred in awarding attorney fees and costs to wife pursuant to ORS 20.105 (providing for award of attorney fees "upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal"), in the absence of an explicit finding that husband willfully disobeyed a court order or otherwise acted in bad faith. The difficulty with that argument is that the only plausible reading of the supplemental judgment awarding those fees is that the court made the necessary finding; in that judgment, the court explicitly cited to ORS 20.105 and explained that wife was entitled to fees and costs for having had to defend against husband's motion to terminate spousal support. *See Magno, LLC v. Bowden*, 313 Or App 686, 690, 496 P3d 1049 (2021) (affirming fee award under ORS 20.105 despite court's order omitting "an explicit 'finding' that plaintiff had no objectively reasonable basis for bringing his claim," because "the only plausible reading of the order is that the court made the necessary finding" where order "expressly cited ORS 20.105" and "conclud[ed] that [the prevailing party] was entitled to those fees"). Consequently, we reject husband's fourth assignment of error.

*Fifth Assignment of Error.* Husband challenges the supplemental judgment's award to wife of $63,859.64 for costs, disbursements, and attorney fees, arguing that the amount of the award is "excessive compared to similar cases" and "unreasonably high." Wife argues that, given the

factors to be considered under ORS 20.105 and ORS 20.075—and in light of "the length of this proceeding, the numerous motions and hearings, and the multi-day trial"—the award is reasonable. Having reviewed the relevant portions of the record, we see no basis for concluding that the trial court abused its discretion in setting the amount of the fee award. *See Anderson v. Sullivan*, 311 Or App 406, 410, 492 P3d 118, *rev den*, 368 Or 702 (2021) ("[W]hether fees are reasonable is a factual determination that we review for abuse of discretion."); *State ex rel Stewart v. City of Salem*, 268 Or App 491, 497-98, 343 P3d 264, *rev den*, 357 Or 595 (2015) (noting, with respect to fee award, that court's "'discretion' embodies a range of permissible outcomes, so that, even in identical circumstances, different tribunals can, properly, reach different results").

Affirmed.