Argued September 10, reversed September 26, 1974

GARNETT, *Respondent, v.* GARNETT, *Petitioner.*

526 P2d 549

*George C. Reinmiller,* Portland, argued the cause for petitioner. With him on the briefs were Hardy, Buttler, McEwen, Weiss & Newman, Portland.

*Gerald H. Robinson,* Portland, argued the cause for respondent. With him on the brief were King & Merry, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE,* HOWELL and SLOPER, Justices.

HOLMAN, J.

Petitioner, the former husband, filed a motion to modify a decree of divorce. The trial court modified the decree in limited respects. Upon appeal, the Court of Appeals set aside the modification. 17 Or App 307, 521 P2d 1054 (1974). This court granted review.

Petitioner and his former wife were divorced in January 1969 after 23 years of marriage and one child who was grown and self-supporting. At the time of the divorce a settlement was entered into by the parties which was approved by the court and incorporated into the decree. Though both parties claim the other had the better of the property division, it appears to

---

* Tongue, J., did not participate in the decision of this case.

us that the division was substantially equal. At the time of the divorce the wife was thought to be suffering from diabetes. The settlement provided, among other things, that the husband furnish an automobile for the wife's use and pay for its insurance, licensing, maintenance and upkeep. It also provided that as long as the wife continued to live in the home which she received in the settlement, the husband was required to pay the insurance, taxes, all household utilities, such as heat, light, water, garbage collection and telephone, and to maintain the premises in a livable condition. In addition, the settlement provided that should the wife be forced to discontinue her employment due to illness or injury, the husband would pay to her each month the difference between whatever disabililty compensation she might receive and the sum of $350.

Three years and ten months later the husband requested that the decree be modified by eliminating the requirement of his compliance with the three previously mentioned provisions as well as his duty to make payments on the home occupied by the wife until the home was free and clear of encumbrance. By this time both parties had remarried. The wife was living with her new spouse in the home which the husband was required by the decree to support. The husband and his new wife had moved to Hawaii, where both were teaching school. He had fathered one child by her and another was on the way. He had changed his employment from an optician to a high school mathematics instructor with a resultant loss of income. The diagnosis of the wife's condition as being diabetic was found to have been an error; her health was good and she continued employment at a bank where she had accumulated 20 years' service.

The trial court modified the decree by eliminating the husband's duty to pay the wife's household and automobile expenses. All other provisions remained the same, including that of requiring the husband to continue making payments on the wife's home and to pay support in case of the wife's illness. Upon appeal, the Court of Appeals set aside the modification upon the basis that the husband was bound by his agreement because it contained a provision that remarriage of the wife should not relieve the husband of his obligation under the agreement. The court did modify the decree by eliminating the provision for the wife's support in case of her inability to work due to illness or injury, apparently on the basis that the provision was made under a mistake of fact concerning the wife's diabetic condition. No payments had ever been required of the husband under this provision.

■ This court took review of this case because we feared that the opinion of the Court of Appeals cast doubt on the established law of this state concerning a trial court's authority to modify provisions of a divorce decree. It has previously been established that provisions of a settlement agreement relating to a division of property, even though it be through the means of periodic payments of money, are invulnerable to change, while provisions for support may be modified or done away with upon a showing of a sufficient change of circumstances since the decree, despite any provision the agreement and/or decree may have that the support provisions are not subject to change. The following is language from *Prime v. Prime,* 172 Or 34, 49-50, 139 P2d 550 (1943):

> "* * * An agreement of the parties approved as fair in the divorce decree may provide for a division of property rights and also for the pay-

ment of future installments for maintenance. Although both provisions be included in the same instrument they may be treated as separable, the provisions for division of the property being binding and beyond the power of the court to modify, the provisions concerning future installments for maintenance being, however, subject to modification in the event of changed conditions. The many authorities cited can be explained upon no other theory than that the executory provisions are to be deemed separable from the provisions relative to the division of property. As to the executory provisions, the parties are deemed to have contracted in view of the statute authorizing modification thereof * * *."

The court also said:

"* * * As to the executory provisions of an agreement, if they are found to be in the nature of alimony, the same power which may refuse to approve them in the first instance may also modify them after approval in the event of changed conditions. The latter power is no greater than the former * * *." 172 Or at 46.

Concerning provisions of settlements prohibiting change in support payments, the court had this to say:

"It further appears that where by statute the court has power to modify executory provisions it will retain that power although the agreement of the parties and the decree of the court provide that the original allowance shall never be changed * * *." 172 Or at 49.

As *Prime v. Prime* indicates, the court's authority to change provisions for support is statutorily endowed. ORS 107.135 (1) (a) provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party * * * to:

"(a) Set aside, alter or modify so much of the

decree as may provide for * * * the support of a party * * *."

The opinion of the Court of Appeals seems to place some reliance upon this court's opinion in *Unander v. Unander,* 265 Or 102, 506 P2d 719 (1973), which abolished the rule prohibiting the enforcement of the provisions of antenuptial agreements relating to support in the event of divorce. We changed the law and allowed enforcement of the provisions under certain circumstances. In that opinion we did not intend to change in any way either the law relating to enforcement of agreement provisions concerning support made during marriage in contemplation of divorce or our interpretation of the court's authority to modify such provisions under ORS 107.135 (1) (a).

■ The law of *Prime v. Prime* is still the law of Oregon and it has been stated and restated too many times to make the citation of other cases worthwhile. The first question, therefore, which must be addressed is whether the provisions for the maintenance of an automobile for plaintiff and the payment of household expenses were intended by the parties as a division of property or as a payment of support. As was stated in *Prime v. Prime, supra* at 43, "[t]he difficulty is in drawing the line between approved agreements in the nature of alimony which are subject to modification and approved agreements in the nature of an annuity employed as a means of adjusting the wife's property rights." It is our conclusion from the evidence that the probability is that the payments were intended by way of support because of the supposed diabetic condition of the wife. It is also our conclusion, as it was that of the trial judge, that the conditions had changed sufficiently from the time of

the divorce to justify the modification of the two provisions.

■ Because no demands have been made upon the husband for payment of support in the event the wife is unable to work due to illness or injury, the time for considering a modification of that provision is not ripe and a decision should await the disclosure of conditions existing at such time as payment may be required.

The decree of the Court of Appeals is reversed and that of the trial court is reinstated.