Submitted on record and appellant's brief April 7,
affirmed April 21, 1975

# STEIN  (No. 27-687), *Respondent, v.*
## STEIN, *Appellant.*
### 534 P2d 222

Huffman and Zenger and Thomas A. Huffman, Hillsboro, for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Husband and wife were divorced on May 2, 1966. A property settlement agreement was incorporated into the decree. In it husband received business property valued then at $60,000 which he now values at over $100,000. Wife had helped in the business, which was originally located on property her father gave them. Wife received their home. The agreement and decree provided for custody and support for the children (now emancipated) and other matters of no concern in this appeal. In 1974 husband moved to modify the following paragraph of the agreement and decree:

> "7. The defendant be and he hereby is ordered to pay unto the plaintiff alimony at the rate of $316.00 per month, the first monthly payment to be made on or before the 10th day of April 1966, and a like monthly payment on the 10th day of each and every month thereafter, for 136 months; provided, however, that in the event of the death of plaintiff, or her remarriage, the alimony hereinabove specified shall be reduced by the unpaid balance on that certain mortgage on the real property located at 1925 N. W. Glencoe Road, Hillsboro, Oregon, and the alimony payment shall be reduced to $200.00 per month for the then remaining period of payment."

Wife has not remarried. After hearing, the circuit court held that this paragraph was in the nature of property settlement and denied the motion. Husband appeals, claiming that the provision was for alimony

and should be completely eliminated because wife now has a well-paying job. In the alternative he asserts that $116 should be removed from the alimony because wife has sold the home and the mortgage payments thereon amounted to $116 per month. Husband cites *Garnett v. Garnett,* 270 Or 102, 526 P2d 549 (1974); and *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943).

Mr. Francis E. Sturgis, attorney for wife at the time the property settlement agreement was negotiated, testified:

"Q But that [the agreement] doesn't say anything about the payments [the $116 mortgage payment] ceasing if she sells the property, does it?

"A I am certain that that is not in there because I remember there was discussion about it and we refused to accept that language in it.

"Q How was the amount of monthly payments arrived at, this $316 a month for a total of 136 months?

"A Well, I think basically it was—now, this is understanding that it is summarized by the writing—the agreed figure of property settlement money was $43,000—I am using round figures.

"Q Roughly?

"A $30,000 of that was to be represented by the business, and $13,000, the value that the parties put on the home.

"Now, the home had a mortgage on it for $116.

"Q Per month?

"A Per month. That is what it required in payments.

"I learned this morning that that accelerated later, but the $116 a month is part of what Mr. Stein was to pay, and $200 a month to Mrs. Stein, but that figure was utilized in the full 136 months. That is what it was supposed to take to pay Mrs.

Stein the full $43,000, and it was wanted in the form of alimony so that it would be deductible to Mr. Stein.

"Q Are you saying that really the total sum, then, was in the nature of a lump sum payment for her share of the marital estate?

"A It was a property settlement agreement.

"Q But it was made—

"A It was negotiated on the basis of that.

"Q But it was termed as alimony for tax reasons?

"A For monthly payments so that Mr. Stein could use it for a tax deduction."

Other parts of Mr. Sturgis' testimony are also positive and convincing to the effect that these payments were to settle the property rights.

■ We agree with the determination of the trial judge that Paragraph 7 is property settlement. In *Garnett v. Garnett,* supra, the Supreme Court stated the rules pertaining to property settlement agreements pronounced in *Prime v. Prime,* supra, are still the law of Oregon. One of those rules is that executory provisions of the property settlement agreement, if they are found to be in the nature of alimony, may be modified in the event of changed circumstances. Another is that if it is established that the provisions of the settlement agreement relate to the division of property, even though it may be through the means of periodic future payment of money, they are invulnerable to change. The court quoted from *Prime v. Prime,* supra:

"* * * As was stated in *Prime v. Prime, supra* at 43, '[t]he difficulty is in drawing the line between approved agreements in the nature of alimony which are subject to modification and approved agreements in the nature of an annuity em-

ployed as a means of adjusting the wife's property rights.' * * *'" 270 Or at 107.

At bar the evidence convinces us, as it did the trial court, that all of Paragraph 7 of the property settlement agreement was intended as a property settlement and not as wife support.

Affirmed.