Argued and submitted October 8, 1982, affirmed in part, vacated in part, cross appeal dismissed March 2, 1983

In the Matter of the Marriage of

TRUAX,
*Appellant - Cross-Respondent,*
*and*
TRUAX,
*Respondent - Cross-Appellant.*

(20922; CA A24136)

659 P2d 983

James M. Brown, Salem, argued the cause for appellant - cross-respondent. With him on the briefs were Con P. Lynch, Certified Law Student, and Douglas, Brown, Carson & Dickey, Salem.

Stephen R. Jaffe, Eugene, argued the cause for respondent - cross-appellant. With him on the brief was Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

### YOUNG, J.

Husband has filed notices of appeal from two orders. The first order denied his motion to modify a decree of dissolution on the basis of changed circumstances. ORS 107.135. He assigns as error the admission of evidence concerning the intention of the parties with regard to a provision for monthly payments in a property settlement agreement and the trial court's determination that the monthly payments constituted a division of property and not spousal support. He also claims that the trial court lacked jurisdiction to enter the second order, which awarded wife attorney fees, costs and expenses, because husband had filed the notice of appeal from the first order before the second order was entered. He also claims that the trial court abused its discretion when it awarded an expert witness fee. Wife cross-appeals from the second order and assigns as error the trial court's denial of certain costs and expenses. We affirm the first order, which denied the motion to modify, and vacate the second order.

■  Over husband's objection that the property settlement agreement was unambiguous and not the subject of parol evidence, the trial court admitted evidence of the intention of the parties concerning the monthly payments provided for in the property settlement agreement. The trial court then determined that the monthly payments were intended by the parties to be a division of property and not spousal support. As a result, the motion to modify the decree was denied, because a division of property is not subject to modification. ORS 107.135(1)(a); *Garnett v. Garnett*, 270 Or 102, 105, 526 P2d 549 (1974); *Horesky and Horesky*, 30 Or App 941, 943, 569 P2d 34, *rev den* 281 Or 1 (1978); *Stein v. Stein*, 21 Or App 195, 534 P2d 222 (1975).

Wife does not claim that the property settlement agreement or the decree are ambiguous or the result of mistake. She argues that a court may receive evidence of the circumstances under which an agreement was made "for the purpose of determining to what the agreement relates or what it was intended to accomplish."

ORS 41.740 (the Parole Evidence Rule) provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing

all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. *However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220,* or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. the term 'agreement' includes deeds and wills as well as contracts between parties." (Emphasis supplied.)

ORS 42.220 provides:

"In construing an instrument, the circumstances under which it was made, including the situation of the subject and of the parties, may be shown so that the judge is placed in the position of those whose language he is interpreting."

■     Evidence to explain an ambiguity is admissible under ORS 41.740. *See Desler and Desler,* 56 Or App 812, 817, 643 P2d 655 (1982) (dealing with a patent ambiguity and declaring a provision to terminate spousal support inherently ambiguous and approving the admission of testimony to show the intent of the parties). However, an agreement need not be ambiguous to admit evidence of the surrounding circumstances to aid in its interpretation and meaning. In *Welch v. U. S. Bancorp,* 286 Or 673, 690, 596 P2d 947 (1979), the court said:

"Even if it were to be held that this contract was not, on its face, ambiguous, evidence could be received as an aid to determination of the meaning to be given the contract. *Card v. Stirnweis,* 232 Or 123, 127, 374 P2d 472 (1962)."

In *Taylor's Coffee Shop v. Taylor,* 56 Or App 419, 422, 643 P2d 347, *rev den* 293 Or 235 (1982), which involved the interpretation of an escalation clause in a lease, we held that whether or not the clause was ambiguous

"* * * parole evidence is admissible to explain the circumstances under which the lease was made. This evidence cannot vary the terms of the written agreement, but it can place the judge 'in the position of those whose language he is interpreting.' ORS 42.220."

3 Corbin, Contracts § 579 at 412 (1960), quoted with approval in *Welch v. U.S. Bancorp, supra,* and *Card v. Stirnweis, supra,* states:

"It is true that the language of some agreements has been believed to be so plain and clear that the court needs no assistance in interpreting. Even in these cases, however, it will be found that the court has had the aid of parol evidence of surrounding circumstances. The meaning to be discovered and applied is that which each party had reason to know would be given to the words by the other party. Antecedent and surrounding factors that throw light upon this question may be proved by any kind of relevant evidence."

It was not error to admit evidence of the surrounding circumstances to aid the trial judge in determining the intended purpose of the monthly payment provision. That is to say, the trial judge was entitled to know where the parties stood when they negotiated the agreement.

The parties were married in 1970 and were divorced in 1977. They had no children. The wife was 30 years old, husband was 29 years old, and both were college graduates. Husband's net worth was $462,616. Wife's negotiated share of the assets was insignificant when compared to husband's net worth. Wife received a business, which she sold for $600, a 1976 automobile and her personal affects. Husband agreed to pay spousal support of $15,000 in cash and "monthly periodic payments" for 12 years that totaled $199,940. The monthly payments were to terminate on wife's death but would survive husband's death and be binding on his estate. The payments were to be made to the county clerk, and husband agreed to pay the clerk's charges as provided by ORS 205.320(15). He also agreed to pay wife's income taxes on the monthly payments.

■ ■ With that background, we deem it to be more than coincidental that the total spousal support ($15,000 plus $199,940) is close to one half of husband's net worth. That circumstance, coupled with the fact that wife, for all practical purposes, did not share in the assets, creates a latent ambiguity. That is, it is unclear whether the parties intended that the monthly payments be spousal support or property division. With that uncertainty, and when viewed in the light of the surrounding circumstances, the trial judge was entitled to consider what the parties intended to accomplish by the monthly payments. At the hearing on

the motion to modify, wife testified that the monthly payments were intended to effect a division of the assets and that the payments were characterized as spousal support to enable husband to claim some income tax advantage. Written communications between the attorneys for the parties at the time of the dissolution confirmed wife's understanding. Wife's attorney also testified that the intent of the parties was to preserve the business assets for husband while providing wife with a settlement of "somewhere near half of husband's assets."

■    There was ample evidence that the monthly payments were intended by the parties to be a division of property and not spousal support. It was not error to deny husband's motion to modify the decree.

Husband next contends that the order awarding wife attorney fees, costs and expenses is void, because the order was entered after husband's notice of appeal from the first order was filed. On Feburary 26, 1982, the order was entered that denied the motion to modify and ordered husband to pay wife's attorney fees, costs and expenses in an amount "to be determined by the court on the submission of affidavits by the parties and their counsel."[1] On March 18, 1982, wife submitted a statement of attorney fees, costs and disbursements. On March 26, 1982, husband filed a notice of appeal. Husband then objected to the award of attorney fees, costs and expenses on alternative grounds that the fees were excessive, that there was no legal basis for the allowance of certain costs and that, in any event, the trial court lacked jurisdiction because the notice of appeal had been filed. Nonetheless, the trial court entered an order directing husband to pay wife's attorney fees and costs and expenses, which included an expert witness fee. Husband then filed a notice of appeal from that order.[2]

■    Once a notice of appeal has been served and filed, jurisdiction of the cause is in the appellate court, "but the trial court shall have such powers in connection with the

---

[1] Husband agreed to this procedure.

[2] ORS 20.220 provides in part:

"An appeal may be taken from a judgment under ORCP 68C.(4) on the allowance and taxation of attorney fees and costs and disbursements on questions of law only, as in other cases. * * *"

appeal as are conferred upon it by law." ORS 19.033(1). Settlement of the transcript is an example of a power "in connection with an appeal" remaining in the trial court. ORS 19.078; *see Gordon Creek Tree Farms v. Layne,* 230 Or 204, 208-09, 358 P2d 1062 (1962). Under a former similar statute, the court in *Caveny v. Asheim,* 202 Or 195, 210, 274 P2d 281 (1954), stated:

> "* * * This court has not yet recognized a right in the circuit court to change any part of its record after this court has acquired jurisdiction * * * except for the express purpose of making its record speak the truth as to matters and things transpiring prior to the entry of its original judgment or decree."

We have declared orders granting attorney fees after the notice of appeal was filed to be void, because the trial court lacked jurisdiction. *Desler and Desler, supra; Bank of Oregon v. Hiway Products, Inc.,* 41 Or App 223, 231, 598 P2d 318 (1979) (where the trial court, in its original decree, explicitly left for later determination the issue of attorney fees); *see also Bradley v. Oregon Trails Savings & Loan,* 47 Or App 871, 617 P2d 263 (1980); *cf. Riviera Motors, Inc. v. Higbee,* 45 Or App 545, 609 P2d 369 (1980) (deletion of attorney fees from original judgment).

Wife argues that the result of these cases has been changed by ORCP 68 and 70. She contends that a determination of fees and costs pursuant to ORCP 68 is one of the powers reserved to the trial court under ORS 19.033(1). The statutory authority for award of attorney fees in a proceeding to modify a decree of dissolution is ORS 107.135(3). That statute gives discretionary authority to assess against either party "a reasonable fee for the benefit of the other party."[3] ORCP 68C(1) governs the procedure for assessing attorney fees regardless of the source of entitlement, with limited exceptions.[4] Attorney fees assessed in a modification proceeding under ORS 107.135(3)

---

[3] *Compare* ORS 107.105(1)(h), which authorizes a judgment for attorney fees, costs and expenses as a part of the relief that may be granted by a decree of dissolution.

[4] ORCP 68C provides in part:

"C.1 Notwithstanding Rule 1 A. and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section

are not expressly excepted from the rule, as are attorney fees awarded in connection with a decree of dissolution. ORS 107.105(1)(h); ORCP 68C(1)(a).[5] Given that ORCP 68 applies to an award of attorney fees, costs and disbursements in a proceeding to modify a decree of dissolution, we nonetheless hold that the trial court lacked jurisdiction to enter the order directing husband to pay attorney fees, costs and expenses.

ORCP 68C.(4) provides in part:

"C(4) Attorney fees and costs and disbursements shall be entered as part of the judgment as follows:

"C.(4)(a) Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as part of a judgment if the party claiming them:

"C.(4)(a)(i) Serves, in accordance with Rule 9 B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, not later than 10 days after the entry of the judgment;

"* * * * *

"C.(4)(d) After the hearing [of objections] the court shall make a statement of the attorney fees and costs and disbursements allowed, which shall be entered as a apart of the judgment. No other findings of fact or conclusions of law shall be necessary."

ORCP 70B(1) provides in part:

"* * * Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68."

---

governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except where:

"C.(1)(a) ORS 105.405(2) or 107.105(1)(h) provide the substantive right to such items; or

"C.(1)(b) Such items are claimed as damages arising prior to the action; or

"C.(1)(c) Such items are granted by order, rather than entered as part of a judgment."

[5] The parties have not addressed the reason for this apparent procedural distinction between the award of attorney fees in a dissolution and in a modification proceeding.

Wife concludes that, even after a notice of appeal is filed, a trial court can incorporate a determination of fees and expenses into a prior judgment pursuant to ORCP 68C(4).

We disagree for two reasons. First, the determination of fees, costs and disbursements is not a matter "in connection with the appeal." ORS 19.033(1). The determination is not a matter of correcting the record to conform to the truth of what has transpired, *Caveny v. Asheim, supra;* the determination is one of substance. It is a proceeding to determine the amount of attorney fees and the extent and validity of claimed costs and disbursements. Second, ORCP 68C(4)(a) cannot alter the triggering of appellate jurisdiction as provided by ORS 19.033(1). ORCP 68 governs the *procedure* for claiming and assessing attorney fees, costs and disbursements. It prescribes a procedure without regard for the situation where an appeal intervenes. The rule cannot alter appellate jurisdiction. ORS 1.735. The trial court's second order, which was entered after the first notice of appeal was filed, is void. ORS 19.033(1).[6]

The order denying husband's motion to modify the decree is affirmed. The order awarding fees, costs and expenses is vacated, and the cross-appeal is dismissed. Costs to wife.

---

[6] Because of this disposition, we do not reach husband's remaining assignment of error that the trial court abused its discretion when it awarded $500 as an expert witness fee. Wife's cross-appeal assigning as error the denial of travel-related expenses incurred by wife and a witness' travel expenses is dismissed.