Argued and submitted April 29, affirmed in part, reversed in part July 13, 1983

In the Matter of the Marriage of

## BOND,
*Appellant,*

*and*

## BOND,
*Respondent.*

In the Matter of the Marriage of

## BOND,
*Respondent,*

*and*

## BOND,
*Appellant.*

(25030; CA A25910)

666 P2d 861

Chris L. Lillegard, Dallas, argued the cause for Sandra D. Bond. With him on the brief was Lillegard & Luukinen, Dallas.

Kevin C. Gage, Salem, argued the cause for Glen G. Bond. With him on the briefs were Terry K. Haenny and Haenny & Gage, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

Buttler, P. J., dissenting in part.

## PER CURIAM.

Mother appeals from a final order modifying the original dissolution decree by changing custody of the parties' two sons to father. We affirm.

Father appeals from a subsequent order awarding mother a judgment for attorney fees and costs. That order was entered after mother filed her notice of appeal from the order on the merits. Because we have held that, once a notice of appeal has been filed, the trial court does not have jurisdiction to enter a judgment for costs and attorney fees, *Truax and Truax,* 62 Or App 130, 659 P2d 983 (1983); *Fenn and Fenn,* 63 Or App 506, 664 P2d 1143 (1983), we reverse that order.

Affirmed on mother's appeal; reversed on father's appeal. No costs to either party.

## BUTTLER, P. J., dissenting in part.

Because the trial courts have been applying correctly the new rules of civil procedure, I would overrule *Truax and Truax,* 62 Or App 130, 659 P2d 983 (1983), in which we applied them incorrectly, and would not have followed *Truax* in *Fenn and Fenn,* 63 Or App 506, 664 P2d 1143 (1983). Therefore, I dissent from the reversal on the father's appeal.

A purpose of the new rules, particularly ORCP 68, was to avoid the problems which had been encountered before adoption of the rules when a party appealed from a judgment or final order that left the award of attorney fees to a later date. In those cases, we had held that the first order was final and appealable and that the subsequent award of attorney fees was void if it was entered after a notice of appeal had been filed. *See Bradley v. Oregon Trail Savings & Loan,* 47 Or App 871, 617

P2d 263 (1980); *Desler and Desler,* 56 Or App 812, 643 P2d 655 (1982). Both of those cases involved judgments entered before the effective date of ORCP 68.

In *Pratt v. McNally-Rathbone,* 61 Or App 443, 658 P2d 516, *rev den* 294 Or 792 (1983), the appellant filed a notice of appeal from a judgment on the merits of the case, after which the trial court entered an "amended judgment" awarding attorney fees. Appellant did not file a separate notice of appeal from the "amended judgment." We held that the amended judgment was not before us, because no appeal was taken from it. A corollary to that proposition is that had the appellant filed a notice of appeal from the amended judgment, we would have considered it, which necessarily assumes the trial court had jurisdiction to enter it. However, we stated that we expressed no view as to its validity, citing *Desler and Desler, supra. Pratt* involved a judgment entered after ORCP became effective; *Desler* did not. *Desler* is correct because the rule was inapplicable; *Pratt* was correct because there was no appeal from the amended judgment.

Then came *Truax and Truax, supra,* which, as here (and in *Fenn* ), was a proceeding to modify a dissolution decree. The husband filed a notice of appeal from the judgment order on the merits and then filed a notice of appeal from the subsequent judgment awarding attorney fees, costs and expenses. We ignored *Pratt* and held that ORCP 68, and related rules, did not change the result we had reached in the cases decided before the new rules became effective. We put the parties back into a "Catch 22" situation, which became even more pronounced by virtue of the clear provisions of the new rules expressly authorizing separate judgment orders, each of which is, appealable. We were wrong in *Truax* and should not have followed it in *Fenn.* We should recognize our error and the correctness of the application of the rules by the trial courts.

ORCP 68C[1] sets forth in detail how the allowance of attorney fees and the taxation of costs and disbursements

---

[1] ORCP 68C provides, in part:

"C.(1) Notwithstanding Rule 1A. and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except where:

"C.(1)(a) ORS 105.405(2) or 107.105(1)(h) provide the substantive right to such items; or

"C.(1)(b) Such items are claimed as damages arising prior to the action; or

"C.(1)(c) Such items are granted by order, rather than entered as part of a judgment.

"C.(2) A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection.

"C.(3) The items of attorney fees and costs and disbursements shall be submitted in the manner provided by subsection (4) of this section, without proof being offered during the trial.

"C.(4) Attorney fees and costs and disbursements shall be entered as part of the judgment as follows:

"C.(4)(a) Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as part of a judgment if the party claiming them:

"C.(4)(a)(i) Serves, in accordance with Rule 9B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, not later than 10 days after the entry of the judgment; and

"C.(4)(a)(ii) Files the original statement and proof of service, if any, in accordance with Rule 9C., with the court.

"For any default judgment where attorney fees are included in the statement referred to in subparagraph (i) of this paragraph, such attorney fees shall not be entered as part of the judgment unless approved by the court before such entry.

"C.(4)(b) A party may object to the allowance of attorney fees and costs and disbursements or any part thereof as part of a judgment by filing and serving written objections to such statement, signed in accordance with Rule 17, not later than 15 days after the service of the statement of the amount of such items upon such party under paragraph (a) of this subsection. Objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23.

"C.(4)(c) Upon service and filing of timely objections, the court, without a jury, shall hear and determine all issues of law or fact raised by the statement and objections. Parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues.

"C.(4)(d) After the hearing the court shall make a statement of the attorney fees and costs and disbursements allowed, which shall be entered as a part of the judgment. No other findings of fact or conclusions of law shall be necessary.

"C.(5) Attorney fees and costs and disbursements entered as part of a judgment pursuant to this section may be enforced as part of that judgment. Upon service and filing of objections to the entry of attorney fees and costs and disbursements as part of a judgment, pursuant to paragraph (4)(b) of this section, enforcement of that portion of the judgment shall be stayed until the entry of a statement of attorney fees and costs and disbursements by the court pursuant to paragraph (4)(d) of this section."

shall be handled in the trial courts. The statement for costs and attorney fees must be served not later than ten days after the entry of the judgment (68 C(4)(a)(i)); the opposing party may file objections not later than 15 days after the service of the statement. The statement of costs and the objections form the pleadings for what is, in effect, an ancillary proceeding (*see* ORS 20.220);[2] they may be amended the same as other pleadings may be under Rule 23. ORCP 68C(4)(b). After the proceedings are at issue (25 days, or more if there are amendments), the court, without a jury, is to hear and determine all issues of law or fact raised by the statement and objections.

Obviously, the time within which an appeal may be taken from the judgment on the merits frequently will have expired by the time the judgment on attorney fees has been entered. ORCP 70B(1)[3] expressly provides that the entry of judgment shall not be delayed for taxation of costs, disbursements and attorney fees under Rule 68. ORS 20.220 expressly provides that an appeal may be taken from a judgment under Rule 68C(4) on the allowance of attorney fees and costs "as in other cases." That proceeding has its own trial court file, as defined in ORS 19.005. *See* ORS 20.220.

Accordingly, it seems clear that the trial court not only has the power, but is expected, to enter a second judgment, even though a notice of appeal has been filed from the

---

[2] ORS 20.220 provides:

"An appeal may be taken from a judgment under ORCP 68C.(4) on the allowance and taxation of attorney fees and costs and disbursements on questions of law only, as in other cases. On such appeal the statement of attorney fees and costs and disbursements, the objections thereto, the judgment rendered thereon, and the exceptions, if any, shall constitute the trial court file, as defined in ORS 19.005."

[3] ORCP 70B(1) provides:

"All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date judgment is entered, mail a notice of the date of entry of the judgment to the attorneys of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk also shall make a note in the judgment docket of the mailing. In the entry of all judgments, except a judgment by default under Rule 69B.(1), the clerk shall be subject to the direction of the court. *Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68.*" (Emphasis supplied.)

first judgment. If that is not the case, the rule makes absolutely no sense, but creates a trap for the unwary (or even the wary).[4]

I recognize that ORCP 68C(1)(a) excepts from its operation an award of attorney fees where ORS 107.105(1)(h) provides the substantive right to such fees. Therefore, it appears that the rule does not apply to awards of attorney fees in dissolution cases. It is not clear why that exception was made; it does not seem to make very much sense if attorney fees awarded in modification proceedings are covered by the rule. However, modification proceedings are not excepted from the rule (as we recognized correctly in *Truax*). Attorney fees assessed in a modification proceeding are authorized under ORS 107.135(3), not 107.105(1)(h), so we should apply the rule in *all* cases not excepted from Rule 68.

In summary, I think *Truax* was wrong in not applying the new rules to modification proceedings; it would follow, then, that *Fenn* is also wrong. We should overrule both of them, rather than persist in applying the pre-rule cases to frustrate one of the purposes of Rule 68.

I would affirm the judgment for attorney fees in favor of mother. Accordingly, I respectfully dissent from the reversal of that judgment.

---

[4] If *Truax* is correct, an obvious practice tip is that the losing party should file a notice of appeal from the judgment on the merits soon after it is entered, thereby voiding the subsequent judgment for costs and attorney fees.