Argued and submitted May 6, appeal dismissed October 5,
reconsideration denied November 18, petition for review allowed,
case remanded to Court of Appeals December 20, 1983
See 296 Or 191, 673 P2d 531 (1983)

# CITY OF PORTLAND,
*Appellant,*

*v.*

# CARRIAGE INN et al,
*Respondents.*

## (A8006-03622; CA A25873)

669 P2d 1185

Paul C. Elsner, Portland, argued the cause and filed the briefs for appellant.

Rex Armstrong, Portland, argued the cause for respondents. With him on the brief were Leslie M. Roberts and Kell, Alterman & Runstein, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This action was brought to enjoin the use of an apartment building for "transient occupancy" as an alleged violation of the Portland Planning and Zoning Code. Defendants moved to dismiss the amended complaint for failure to state ultimate facts sufficient to constitute a claim for relief. The trial court granted that motion and on June 4, 1982, entered an order, the dispositive portion of which provided:

"IT IS ORDERED that Defendants' motion is granted in its entirety, and the complaint is dismissed, without leave to replead."

Plaintiff filed a notice of appeal from that order on June 16. On August 6, defendants served and filed a cost bill, to which plaintiff filed objections on August 19. Apparently, the costs were allowed on August 19, because a judgment was entered on that day, which provided:

"Based on the Order of the Court entered June 4, 1982, the action is dismissed and judgment is entered against plaintiff and in favor of defendants for their costs and disbursements in the amount of $53.00."

On September 7, 1982, this court granted plaintiff's motion to dismiss its appeal from the June 4 order. Apparently uncertain as to the validity of the August 19 judgment entered pending its appeal of the June 4 order, plaintiff caused a second judgment to be signed on September 9, 1982, and it was entered in the judgment docket on September 13. That judgment is identical to the August 19 judgment. Plaintiff then filed a notice of appeal, designating the judgment "of September 9" as that from which the appeal was taken.

■　At the outset, defendants contend that this court lacks jurisdiction. We agree, albeit for reasons different from those on which defendants rely. The June 4 order was a final order within the meaning of ORS 19.010(2)(a); it dismissed plaintiff's amended complaint without leave to replead. That order ended the case, and plaintiff's first notice of appeal was both timely and proper; however, that appeal was dismissed on plaintiff's motion.

■　The apparent function of the action taken by the trial court on August 19 was to give defendants a judgment against plaintiff for their costs. Whether or not the trial court had

jurisdiction[1] to enter that judgment after plaintiff had filed its notice of appeal, the only issues that could be considered on this appeal would be the allowance of defendants' costs and the overruling of, or not ruling on, plaintiff's objections thereto. ORS 20.220. (Because the cost bill and plaintiff's objections constitute the pleadings, ORCP 68C(4)(b), it is at least questionable whether a judgment on a claim for $53 is appealable. ORS 19.010(3).) Plaintiff's notice of appeal raises only the question of the propriety of granting defendants' motion to dismiss. That motion was disposed of by the June 4 final order from which there is no appeal before us.

Appeal dismissed.

---

[1] *See Truax and Truax,* 62 Or App 130, 659 P2d 983 (1983); *Fenn and Fenn,* 63 Or App 506, 664 P2d 1143 (1983); *Bond and Bond,* 63 Or App 865, 666 P2d 861 (1983) (Buttler, P.J., dissenting).