Argued and submitted October 21, affirmed as modified;
remanded with instructions December 21, 1983

In the Matter of the Marriage of

BURCH,
*Appellant - Cross-Respondent,*
*and*

BURCH,
*Respondent - Cross-Appellant.*

(78-3459; CA A27402)

673 P2d 569

John W. Billington, Eugene, argued the cause and filed the brief for appellant - cross-respondent.

John R. Teising, Eugene, argued the cause for respondent - cross-appellant. With him on the brief was Hutchinson, Harrell, Cox, Teising & Anderson, P.C., Eugene.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Father appeals from a trial court order modifying the parties' 1979 dissolution decree by increasing his child support obligation from $350 to $500 monthly per child.[1] He contends that mother failed to show a material and unforeseen change of circumstances and, in the alternative, that his present obligation is "just and proper."

Mother cross-appeals. She contends that the trial court erred in denying her motion for attorney fees on the grounds that she had failed to offer proof on that issue at the modification hearing and that ORCP 68 is not applicable to a modification hearing.

■ No useful purpose would be served by detailing the evidence. On *de novo* review, we conclude that (1) mother has shown a material and unforeseen change of circumstances since the entry of the 1979 decree, (2) application of the formula in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), mandates that father should contribute $383.50 monthly toward the support of each of the parties' two children, and (3) consideration of other relevant factors does not justify any downward adjustment of his child support obligation.

■ On cross-appeal, we conclude that the trial court erred in denying mother's motion for attorney fees on the grounds stated by the court. ORS 107.135(3); ORCP 68C; *Truax and Truax,* 62 Or App 130, 137, 659 P2d 983 (1983).[2]

Decree modified to increase father's child support obligation to $383.50 monthly per child effective February 10, 1983; affirmed as modified; remanded for reconsideration of mother's motion for attorney fees. No costs to either party.

---

[1] The 1979 decree required father to pay $300 monthly support per child until February 10, 1982, at which time, by the terms of the decree, support was automatically increased to $350 monthly per child. Father has been paying $350 monthly per child since February, 1982. Mother sought modification of the decree to increase father's support obligation from $350 to $600 monthly per child. The trial judge ordered an increase from $350 to $500 monthly per child effective February 2, 1983.

[2] We express no opinion on whether mother should receive any attorney fees, or, if so, in what amount.